W. B. PERRY, Respondent, v. F. C. WOLPERT et al.,
Appellants.

Jackson & Peterson and Dahlin & Jackson for Appellants.

S. C. Young for Respondent.

PRESTON, J.—The judgment is affirmed.

Appeal by defendants, F. C. Wolpert, F. C. Wolpert, doing business under the name and style of the Wolpert Lumber Company, C. D. Plum, as manager of the Wolpert Lumber Company, and the Wolpert Lumber Company, from a judgment against them and in favor of plaintiff, in the sum of $2,683.18, interest and costs, upon the main ground of insufficiency of the evidence to support the findings and failure of plaintiff to secure judgment against other parties defendant. An opening brief was filed by appellants on February 16, 1928, to which respondent has made no reply whatsoever. However, as there is ample evidence in the record to uphold the findings and judgment, we are unable to sustain the appellants in their contention.

Certain persons, some of whom were admittedly employees of appellants and others alleged by appellants to have been solely in the employ of defendant Erickson, but all of whom held claims for labor or services performed or materials furnished to defendants, assigned their claims to plaintiff, who thereupon instituted this action in their behalf to recover the respective amounts due each of them. The complaint alleged twenty-eight distinct causes of action against

defendants, but after it was filed a number of the employees of Wolpert Lumber Company were paid in full and accordingly the counts covering their claims were dismissed. Payments were also made by said company on account of other causes of action and credit duly given therefor by plaintiff. At the time of trial it was admitted that still other counts stated just claims against said defendant company in the aggregate sum of $889.55 and it was stipulated that judgment for that amount might be entered thereon.

Appellants, being the only defendants who appeared or answered in the action, thereupon disputed the claims upon which the remaining counts were based, aggregating $1787.63, upon the ground that the claimants were never in their employ but were employed by defendant Erickson, an independent contractor. The court, however, upon evidence sharply conflicting, found against them in this behalf. It found that each of said claimants had rendered and performed labor and services for appellants in the capacity of assisting them in the manufacture of lumber, at their special instance and request, for which appellants had promised and agreed to pay the sums stated in said claims. The judgment rendered against them, therefore, included in addition to said stipulated amount the said sum of $1787.63. It is only the inclusion of the latter award in the judgment that defendants protest upon this appeal.

An extended review of the conflicting evidence which was resolved by the court in favor of plaintiff is unnecessary and but a brief statement thereof will be made.

It appears that about the month of September, 1926, defendant company purchased the Forgay mill from the Newhart Lumber Company, and placed defendant Plum in full charge thereof. He operated the mill during that month but ordered it closed down on the last day thereof, either, as he testified, because of scarcity of labor, or as other witnesses testified, because the company was without funds. Plaintiff was president of the bank at Greenville and solely for the convenience of the unpaid laborers accepted the assignments of their claims here involved and undertook to collect them.

Defendant Erickson testified that there was no particular arrangement between himself and the Wolpert Company; that he had been working under contract with the Newhart

Company to furnish 30,000 feet of logs per day at the rate of from five to six dollars per thousand, the company to take care of his men, their accommodations, insurance, see that they got paid and, if he could not make percentage enough for his own wages, to see that he also received sufficient pay; that claimant Finnell had a tractor there while Newhart was operating and that both he and his men and said Finnell continued to work after the transfer to defendant company. Mr. Finnell corroborated this testimony, stating that on a verbal agreement he had sent his rig up there and supposed he was working for the Wolpert Company and Mr. Erickson.

Mr. Erickson admittedly had full charge of the hiring and discharge of the men assisting him but, nevertheless, it is clear that he considered that they were in the employ of the Newhart Company and later the Wolpert Company and not in his independent employ. They boarded at the cookhouse of the company, and, although their wages were paid out of the amount received for the logging, if that was not sufficient the company was to make up the difference, to see that the men got their full pay, to take care of the insurance and to see that Erickson himself made wages. After the transfer to Wolpert, they continued right on working and Mr. Erickson then considered that they were working for Wolpert under the same arrangement.

Mr. Erickson further stated that at the time the assignments in question were made up Mr. Plum figured out the amounts due his men, made deductions for their board, and that he had theretofore without objection paid two men who had worked for a short period only before the mill closed down. Mr. Plum himself testified that he knew the men were working there because they boarded at the cookhouse; that when Mr. Erickson hired a man he would notify Mr. Plum and the company would charge him the day he started to board. He claimed, however, that the transaction really only amounted to placing credits and debits against the Erickson account, as the men were really in the employ of the latter as an independent contractor. Yet Mr. Plum invited these claimants to come in with him and present their claims, and after the mill closed he gave plaintiff a list of all the claims, including those of the Erickson helpers, saying, "Those were the claims due those names by the Wolpert

Lumber Company.'' Witness McCutcheon was present when the list of claims was presented to plaintiff, and he also testified that Mr. Plum said it represented all the claims against defendant company.

Furthermore, although Mr. Plum claims to have paid no attention to the form of the assignments, it is significant that with one exception each assignment was made without objection on his part in the following form: '' . . . I . . . hereby assign . . . to W. B. Perry, my claim . . . being for wages due me from the Wolpert Lumber Company or F. C. Wolpert, for labor performed by me for said person at the Forgay Sawmill . . . '' and the excepted claim, that of G. E. Finnell, appeared in the form of a statement of account between himself and the Wolpert Lumber Co. and F. C. Wolpert, showing $1,129 due him, with an assignment of the account to plaintiff appended thereto.

As above stated, to our mind the record offers sufficient support for the action of the court below and the case does not merit extended consideration; hence our affirmance of the judgment as first herein ordered.

Richards, J., Seawell, J., Shenk, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.